**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

PATH VIBE LLC,

Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, and UNINCORPORATED
ASSOCIATES IDENTIFIED ON
SCHEDULE "A,"

Defendants.
_____/

Case No. 1:25-cv-01843
JURY TRIAL DEMANDED

**DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) AND MOTION TO SEVER FOR IMPROPER JOINDER PURSUANT TO 35 U.S.C. § 299 AND FED. R. CIV. P. 21**

Defendants XIAOMA ONLINE US (Store ID: AHNKY8H26VW39) and XMD Online Store (Store ID: AIYMU3E8MDNSHY)("Moving Defendants"), by and through undersigned counsel, respectfully move this Court pursuant to Federal Rules of Civil Procedure 12(b)(6) and 21, and 35 U.S.C. § 299, for an order:

1. Dismissing the Verified Complaint with prejudice as to Moving Defendants because the sole asserted independent claim (Claim 1 of U.S. Patent No. 8,506,455) is indefinite under 35 U.S.C. § 112(b); and

2. Severing the claims against all other Defendants for improper joinder under 35 U.S.C. § 299 and Fed. R. Civ. P. 21, and dismissing without prejudice the claims against all Defendants except

the first-named Defendant (or, alternatively, dismissing the entire action as to Moving Defendants).

In the alternative, Moving Defendants move to sever its claims into a separate action.

**MEMORANDUM IN SUPPORT**

## I. INTRODUCTION

Plaintiff Path Vibe LLC filed this mass "Schedule A" action against dozens (or more) unrelated e-commerce sellers, alleging infringement of U.S. Patent No. 8,506,455 (the "'455 Patent"), entitled "Exercise Mat with Integrated Audio." The Complaint's allegations of "active concert" and a common source are conclusory and insufficient to satisfy the strict joinder requirements of 35 U.S.C. § 299. Separately, Claim 1 of the '455 Patent is indefinite because it fails to inform a person of ordinary skill in the art (POSITA) with reasonable certainty what structures or configurations constitute the claimed "speakerphone circuit" and integrated audio interface. Dismissal and/or severance is required.

## II. STATEMENT OF FACTS

Moving Defendants are independent third-party sellers operating on Amazon. Moving Defendants have no affiliation, agreement, or coordination with any other Defendant. The products offered by Moving Defendants are independently sourced and differs in specific features, manufacturer, design, or sourcing from products offered by other Defendants. Plaintiff's Exhibit 3 claim chart (if reviewed) fails to account for these distinctions.

The '455 Patent was issued August 13, 2013. Claim 1 recites:

An exercise mat, comprising: a flexible mat of a size suitable for use as an exercise mat; at least one speaker integrated into said flexible mat; an audio interface integrated into said flexible mat and configured to receive an audio signal from at least one audio source external to the exercise mat and to output an amplified audio signal to the at least one speaker, wherein said audio interface comprises a speakerphone circuit.

*See* Compl. ¶ 10; Ex. 1.

The Complaint attaches no claim charts showing how Moving Defendants' specific product meets every limitation.

### III. ARGUMENT

**A. Claim 1 of the '455 Patent Is Indefinite Under 35 U.S.C. § 112(b) (Fed. R. Civ. P. 12(b)(6))**

A claim is indefinite if it fails to inform those skilled in the art about the scope of the invention with reasonable certainty. *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S.Ct. 2120 , 2123 (2014). Claim 1's requirement that the "audio interface … comprises a speakerphone circuit" is amorphous. The specification provides only high-level functional descriptions (e.g., receiving audio wirelessly or via wire and outputting amplified signals) without disclosing specific structures, circuits, algorithms, or boundaries that distinguish a "speakerphone circuit" from ordinary audio amplification or Bluetooth modules. (See '455 Patent at 3:30-4:40.) A POSITA would not know with reasonable certainty the metes and bounds of the claim, rendering it (and all dependent claims) invalid.

The Complaint fails to state a plausible claim for infringement of a valid patent. Dismissal under Rule 12(b)(6) is warranted.

**B. Joinder of Defendants Is Improper Under 35 U.S.C. § 299; Severance Is Required (Fed. R. Civ. P. 21)**

35 U.S.C. § 299(a) strictly limits joinder in patent cases:

Parties that are accused infringers may be joined … only if—
(1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and
(2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

*See* Section 299(b).

Section 299(b) expressly provides that joinder may not be based "solely on allegations that [defendants] each have infringed the patent."

The Complaint alleges only that unrelated Seller Aliases offer products that "infringe" the same patent (Compl. ¶¶ 4, 18, 23). The "active concert," shared templates, or common-source allegations are threadbare and conclusory. Independent e-commerce sellers offering similar-looking exercise mats do not satisfy the "same accused product or process" or "same transaction/occurrence" requirement. Parallel but independent sales do not create the required logical relationship.

Because joinder is improper, the claims against all Moving Defendants except the first-named should be severed and dismissed without prejudice (or the entire action dismissed as to Moving Defendants). Fed. R. Civ. P. 21 authorizes this relief on motion or *sua sponte*.

**C. Claim 1 (and All Dependent Claims) Are Obvious Under 35 U.S.C. § 103; The Complaint Therefore Fails to State a Plausible Claim of Infringement of a Valid Patent (Fed. R. Civ. P. 12(b)(6))**

Even accepting all well-pleaded facts as true, the Complaint fails to state a claim because the '455 Patent is invalid for obviousness. *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 418–21

Page 4 of 6

(2007). A claim is obvious "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious" to a person of ordinary skill. 35 U.S.C. § 103.

Claim 1 is nothing more than the predictable combination of (1) a conventional flexible exercise/play mat and (2) well-known integrated audio systems with speakers and external audio interfaces. Electronic dance mats and fitness mats with built-in speakers, volume controls, and audio inputs (wired or wireless) were ubiquitous and commercially available well before the July 28, 2009 priority date. These included children's and adult dance/exercise mats that integrated speakers directly into the mat material, accepted audio signals from external sources (e.g., game consoles, MP3 players, or phones), and amplified them—precisely the elements recited in Claim 1. Combining these known elements in the manner claimed would have been obvious to a POSITA seeking to provide music or instructional audio during exercise. See *KSR*, 550 U.S. at 416–17 (when a technique has been used to improve one device and a person of ordinary skill would recognize that it would improve similar devices in the same way, using the technique is obvious).

The patent itself acknowledges that exercise mats and audio devices were already known in the art. (See '455 Patent at References Cited and Detailed Description.) Adding a speakerphone circuit (a routine feature in Bluetooth and wired audio interfaces long before 2009) does not render the combination non-obvious.

Because the asserted claims are obvious on their face and in view of the state of the art, the Complaint does not plead a plausible claim for infringement of a valid patent. Dismissal under Rule 12(b)(6) is therefore appropriate.

## IV. CONCLUSION

For the foregoing reasons, Moving Defendants respectfully request that the Court grant this Motion, dismiss the claims against Moving Defendants with prejudice (or without prejudice as alternative relief), sever the remaining Defendants, and grant such other relief as the Court deems just and proper.

Dated: April 7, 2026

/s/ Jianyin Liu

Jianyin Liu, Esq.
jamesliulaw@gmail.com
The Law Offices of James Liu PLLC
9000 SW 157th St
Palmetto Bay, FL 33157
Ph: (305) 209 6188

## CERTIFICATE OF SERVICE

I certify that this document has been served to all parties on record via CM/ECF on this April 7, 2026.

/s/ Jianyin Liu